## HALLGARTEN and others *vs.* ECKERT and others.

In an action upon a promissory note made by E. & W. to the order of A. & Co., and by them indorsed and sold to the plaintiffs, the answer alleged that the note was made without consideration, to enable the payees to procure the same to be discounted for their benefit by H., but that the same was misapplied by a sale thereof to the plaintiffs at a usurious rate. On the trial, the question, "What was the discount?" was objected to, and the evidence excluded. *Held,* that if the objection was cured by the subsequent statement of the witness that the amount to be taken from the note, he thought, was 24 per cent. per annum, then the usurious rate was established. That if it was not cured by reason of the indefinite character of that testimony, then the exception remained intact, and was fatal to the validity of a judgment in favor of the plaintiffs.

*Held, also,* that taking either view of the case, a judgment for the plaintiffs could not be maintained; it being an essential element of the defence that a greater sum than that allowed by law was agreed to be paid and received, and the question excluded being designed to elicit the proof.

That there was no necessity for requesting the judge to submit any question to the jury. That assuming the proof to have been that 24 per cent. per annum was paid for the discount, then the defence was made out; and if there was no proof, then the exception was well taken, and was controlling.

APPEAL by the defendants, Eckert & Winter, from a judgment entered on the verdict of a jury.

The action was brought on a promissory note, made by the defendants, Eckert & Winter, to the order of Altenbrand Brothers, and by them indorsed and sold to plaintiffs. The defendants, Eckert & Winter, were alone served with process, although the Altenbrands were nominal parties. The answer alleged that the note was made without consideration, to enable the payees to procure the same to be discounted for their benefit, by Joseph Hillenbrand, but that the same was misapplied by sale to the plaintiffs at a usurious rate, the plaintiffs deducting and receiving $300 for the period of such note. The cause was tried at a Special Circuit in January, 1873. The defendant Winter having testified to the origin of the note, and the terms on which it was given, the defendants rested, when the court ruled that these facts did not constitute a defence. The defendants excepted. Henry

Altenbrand, one of the payees, then corroborated the testimony as to the origin of the note, and testified that he sold it to the plaintiffs at the rate of 24 per cent. per annum. No other testimony was given.

The court ordered a verdict for the plaintiffs, upon the ground that the defendants had not established the usury as alleged in the answer. The defendants excepted. The jury rendered a verdict in favor of the plaintiffs for $5,047. The other exception was to the exclusion of the question, "What was the discount," asked of the witness Altenbrand.

The legal *interest* for the whole period would have been $137.08. At the rate of 24 per cent. the amount was $479.64.

*Jacob A. Gross,* for the appellants.

*John K. Porter,* for the respondents.

*By the Court,* BRADY, J. The defendants, Eckert & Winter, made their note to the order of the defendants, Altenbrand Brothers, for the accommodation of the latter, and it was passed to the plaintiffs in the course of business. The plaintiffs are brokers and bankers, and Altenbrand Brothers were in the habit of procuring from them discounts of regular business paper, delivering large amounts thereof at a time, and receiving advances upon or discounts of it, as the case might be. The defendant Altenbrand, who was examined as a witness, said: "They would, as quick as the paper was disposed of or discounted, send me a statement at a certain rate." The plaintiffs claimed to be the owners of the note in suit, and from the course of business adopted between them and Altenbrand Brothers, had evidently acquired it by discount, not by advance, although it would make no difference, unexplained, if at all, whether it was obtained by advancing money upon a usurious agreement or discounting it upon a similar understanding. The

Hallgarten *v.* Eckert.

plaintiffs thus asserting the ownership of the paper, and it being without consideration between the original parties, it became important to the defence of usury interposed, to show at what rate the discount was made ; and hence the question, " What was the discount," which was objected to, and excluded, and exception taken. If the objection be held to be cured by the subsequent statement of the witness that the amount to be taken from the note, he thought, was 24 per cent. per annum, then the usurious rate was established. If it was not cured by reason of the indefinite character of that testimony, then the exception remains intact, and is fatal to the validity of the judgment. It was an essential element of the defence that a greater sum than that allowed by law was agreed to be paid, and was received, and the question excluded was designed to elicit the proof. It seems, therefore, that taking either horn of the dilemma, the plaintiffs cannot maintain this judgment. It does not affect this view that the defendants did not request the presiding judge to submit any question to the jury. There was no necessity to make such a demand ; for assuming the proof to be that 24 per cent. per annum was paid for the discount, then the defence was made out ; and if there was no proof, then the exception mentioned was well taken, and is controlling. The judgment, for these reasons, must be reversed and a new trial ordered, with costs to abide the event.

New trial ordered.

[FIRST DEPARTMENT, GENERAL TERM at New York, November, 1873. *Ingraham* and *Brady* Justices.]